In the Matter of Moe I. Aronson et al., Appellants, *v.* Thomas F. McCoy, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Respondent.

Third Department, January 7, 1970.

184

[REDACTED]

*Morris Weissberg* for appellants.

*Lawrence N. Marcus* for respondent.

*Per Curiam.* This is an appeal from a judgment of the Supreme Court at Special Term, entered November 26, 1968 in New York County, which dismissed the petitioners' application in a proceeding under CPLR article 78.

Petitioners sought to have their titles as Court Clerk I changed to Court Clerk II under the new title structure for nonjudicial court employees for the City of New York established by the Administrative Board of the Judicial Conference. The appeal was transferred to the Appellate Division, Third Department, pursuant to New York Constitution (art. VI, § 4, subd. i).

The facts are as follows: Prior to September 1, 1962, when the court reorganization in New York became effective, appellants held court clerical positions which they contend were then the highest competitive class civil service titles. Appellant Aronson was " Clerk of District (Small Claims Part) " in the then Municipal Court and appellant Seldes was a " Clerk of District " in-charge in the same court. They had held these positions since 1954 and 1960 respectively. Upon the abolition of the Municipal Courts, the appellants were transferred without examination to the newly created Civil Court of the City of New York where they were continued in their same duties.

Subdivision 1 of section 223 of the Judiciary Law provides: " Officers and employees of the courts abolished by article six of the constitution * * * shall, to the extent practicable, be transferred to courts which exercise the jurisdiction formerly exercised by the courts in which they were employed, and appointed to positions in such courts where their skills, experience and training can be fully utilized. Transfers and appointments under this section shall comply with the provisions of the civil service law. The officer or employee so transferred or

appointed shall be continued in his new position without diminution in salary and with the same status and rights."

Under the Administrative Board's reorganization of the title structure for nonjudicial employees, effective July 1, 1966, appellants were each given the title of Court Clerk I with a duty classification of Court Clerk II and a provisional appointment to the title of Court Clerk II. They were informed that it would be necessary for them to take a competitive examination in order to qualify for permanent appointment. Special Term dismissed their petition in a short memorandum holding that the action of the board was " amply supported and can in no manner be characterized as arbitrary, capricious or illegal ".

Appellants urge that by reclassifying them to the new title of Court Clerk I while at the same time reclassifying their duties of Clerk in-charge of Small Claims Part and Clerk in-charge of Landlord and Tenant Unit, to the new title of Court Clerk II, the Administrative Board " arbitrarily, illegally and unconstitutionally removed and demoted " them from the positions and duties they had before the reclassification, created vacancies therein to be filled from future eligible lists and required appellants to pass second competitive examinations in order to qualify again to perform the same duties for which they had previously qualified by competitive examination.

Prior to September 1, 1962, effective control over the court employees in the State of New York was not vested in the officers of the judicial system but instead in the executive branch of our government through the various civil service commissions, State and local through the State. The judicial branch of government was fragmented and broken down into a myriad of courts with no cohesiveness or administrative unity. However, since September 1, 1962, the judicial branch has been established as a centrally administered and fully integrated arm of our government (N. Y. Const., art. VI) charged with the responsibility to create a single judicial civil service system out of more than 100 different civil service structures throughout the State. In 1963, the Administrative Board undertook a job classification survey of all court positions within the State of New York. The purpose of the survey was to establish a title structure that would embrace all courts and convert individual titles to the new title structure and to evaluate the level of work contained in each job in the court structure (called position evaluation). When an employee received a notice of his reclassification he was first informed of his new or converted title, and second, he was told the evaluation of the job he had with reference to the new structure.

Appellants were each notified that their new title would be Court Clerk I but in each instance the functions of the job which they had been performing were evaluated to be Court Clerk II.

The question here presented is: Did the Administrative Board properly classify the appellants' civil service tenure level as Court Clerk I in view of the classification of the functions which they had been performing to the higher level of Court Clerk II?

The basic concept of civil service is contained in section 6 of article V of the Constitution of the State of New York which provides as follows: "Appointments and *promotions* in the civil service of the state and all of the civil divisions thereof, including cities and villages, *shall be made according to merit and fitness to be ascertained,* as far as practicable, *by examination* which, as far as practicable, shall be competitive ". (Emphasis supplied.)

Respondent contends that appellants are seeking a result which is contrary to the Constitution since they seek to attain a status to which they are not entitled on their examination and appointment record but merely by virtue of the duties which they performed.

While we recognize the necessity to allow respondent wide latitude in formulating a reclassification plan which will not be unwieldy, such plan must preserve the civil service status attained by each employee in the judicial service. Reclassification can have practical meaning and effect only if it takes into consideration the prior examinations, appointment record and the duties *lawfully* performed before reclassification.

Each employee is entitled to be reclassified upon the basis of the competitive status he earned by examination, and the duties he lawfully performed in such status prior to reclassification. When considering duties actually performed, it must be determined whether such duties were " out-of-title ", since it is well settled that if the appellants were performing the work now classified as Court Clerk II " out-of-title ", as to their positions as Clerk of District, then they may not be reclassified to the positions of Court Clerk II. (See *Matter of Goldhirsch* v. *Krone,* 18 N Y 2d 178.) The corollary is likewise true. Where the former civil service employment was in a classified title encompassing several different types of employment, then the reclassification of the employees in varying job titles which conform to the work they had been performing is permissible and proper. (See *Matter of Mandle* v. *Brown,* 5 N Y 2d 51; *Matter of Ainsberg* v. *McCoy,* 32 A D 2d 397.)

Special Term dismissed the petition without a hearing stating merely " civil service status is conferred by virtue of the

examinations successfully completed by a candidate and not on the basis of the duties actually perfomed ''. Although the court obviously found appellants' duties to be '' out-of-title '', we are constrained to remit the matter to Special Term for a hearing in order to develop an analysis of the duties which '' Clerk of District '' was entitled to perform under. former section 143 of the Municipal Court Code, together with a comparison of the duties actually performed by them, and the duties encompassed by the new title of Court Clerk II.

If it is found that the duties which appellants performed were within the scope of competitive examinations which they passed to obtain their positions as '' Clerk of District'', the court should then consider whether such duties encompass those now to be performed by Court Clerk II. If so, appellants are entitled to be reclassified to Court Clerk II. (See *Matter of Ainsberg* v. *McCoy, supra*, p. 400.)

The judgment should be reversed, on the law, and matter remitted to Special Term for proceedings not inconsistent herewith, without costs.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Judgment reversed, on the law, and matter remitted to Special Term for proceedings not inconsistent herewith, without costs.